

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 18, 2007

Michael G. Dowd, Esq.
Law Office of Michael G. Dowd
112 Madison Avenue, 3rd Floor
New York, New York 10016-7416

Alan S. Futerfas, Esq.
Law Offices of Alan S. Futerfas
260 Madison Avenue, 22nd Floor
New York, New York 10016

> Re:    United States v. Dominick Colasuonno
>          S1 05 Cr. 1110 (AKH)
>          07 Cr. _____ (AKH)

Dear Messrs. Dowd and Futerfas:

With respect to tax offenses, this prosecution and the protection against prosecution set forth below are subject to the approval of the Tax Division, Department of Justice.

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Dominick Colasuonno ("the defendant") to Counts One and Two of Information 07 Cr. _____ (AKH) (the "Tax Information").

Count One of the Tax Information charges the defendant with conspiracy, in violation of Title 18, United States Code, Section 371, and carries: a maximum sentence of 5 years' imprisonment; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to the United States; a mandatory $100 special assessment; and a maximum term of supervised release of three years. In addition to the foregoing, the defendant agrees that, pursuant to Title 18, United States Code, Sections 3663, 3663(a), and 3664, the Court must impose an order of restitution with respect to the total tax loss caused by the defendant's conduct.

Count Two of the Tax Information charges the defendant with aiding and assisting the preparation of False Returns, in violation of Title 26, United States Code, Section 7206(2), and carries: a maximum sentence of 3 years' imprisonment; a maximum fine, pursuant to Title 18,

02.01.05

Michael G. Dowd, Esq.
Alan S. Futerfas, Esq.
June 18, 2007
Page 2

United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to the United States; pursuant to Title 26, United States Code, Section 7206, the costs of prosecution; a mandatory $100 special assessment; and a maximum term of supervised release of 1 year. In addition to the foregoing, the defendant agrees that, pursuant to Title 18, United States Code, Sections 3663, 3663(a), and 3664, the Court must impose an order of restitution with respect to the total tax loss caused by the defendant's conduct.

In addition, on November 2, 2006, the defendant was convicted after a jury trial of Count Two of Indictment S1 05 Cr. 1110 (AKH) (the "Bank Fraud Indictment").

Count Two of the Bank Fraud Indictment charges the defendant with bank fraud, in violation of 18 U.S.C. § 1344, and carries a maximum sentence of 30 years' imprisonment; a maximum term of supervised release of 5 years; a maximum fine of the greatest of $1,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a mandatory $100 special assessment.

In addition to the foregoing, pursuant to Title 18, United States Code, Sections 3663, 3663(a), and 3664, the Court must impose an order of restitution with respect to the total loss caused by the defendant's conduct with respect to the count of conviction in the Bank Fraud Indictment.

The total maximum term of imprisonment on Counts One and Two of the Tax Information and Count Two of the Bank Fraud Indictment is 38 years' imprisonment.

It is understood that, within 60 days of the date of the entry of a guilty plea pursuant to this Agreement and with notice to the United States Attorney's Office, the defendant shall file: (1) amended corporate income tax returns (IRS Forms 1120 or 1120-S) for American Armored Car, Ltd.; (2) amended employer's quarterly payroll tax returns (IRS Forms 941 or 941-C) for American Armored Car, Ltd.; and (3) amended employer's annual federal unemployment tax returns for American Armored Car, Ltd., all for the period from October 1, 2000, through and including December 31, 2005, or such other or different returns, but not an offer in compromise, as may be agreed upon by the Internal Revenue Service ("IRS"). The defendant's failure to comply with the obligations set forth in the preceding sentence shall be considered a breach of this Agreement. The defendant will pay past taxes due and owing to the IRS by American Armored Car Ltd. for the period from October 1, 2000, through and including December 31, 2005, including any applicable penalties on such terms and conditions as will be agreed upon between the defendant and the IRS and between American Armored Car, Ltd., and the IRS. The defendant and American Armored Car, Ltd., agree not to contest the applicability of civil fraud penalties.

02.01.05

Michael G. Dowd, Esq.
Alan S. Futerfas, Esq.
June 18, 2007
Page 3


In consideration of his plea to Counts One and Two of the Tax Information, the defendant will not be further prosecuted criminally by this Office and, with respect to tax offenses, the Tax Division, Department of Justice, for any crimes arising out of his aiding, assisting in, procuring, counseling, or advising the preparation or presentation of fraudulent and false IRS Forms 941 for American Armored Car Ltd. for the period covering the fourth quarter of 2000 through and including the fourth quarter of 2005 and his conspiracy to do the same, as charged in Counts One and Two of the Tax Information. In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. This Agreement does not provide any protection against prosecution except as set forth above. The defendant agrees that, with respect to any and all dismissed charges, he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

In consideration of the foregoing and pursuant to Section 6B1.4 of the United States Sentencing Guidelines (the "Sentencing Guidelines" or "U.S.S.G."), the parties hereby stipulate to the following:

     **A.**     **Offense Level**

     1.     The version of the United States Sentencing Guidelines in effect as of November 1, 2006, applies to this case.

     2.     Pursuant to U.S.S.G. § 3D1.2, Count Two of the Bank Fraud Indictment constitutes one Group and Counts One and Two of the Tax Information constitute a separate Group.

     3.     U.S.S.G. § 2B1.1 applies to the conduct charged in Count Two of the Bank Fraud Indictment and, because the offense of conviction for Count Two of the Bank Fraud Indictment carries a statutory maximum term of imprisonment of greater than 20 years, the base offense level is 7, pursuant to U.S.S.G. § 2B1.1(a)(1).

     4.     A reasonable estimate of the amount of the actual and intended loss involved in the defendant's relevant conduct, within the meaning of U.S.S.G. § 1B1.3, is more than $200,000 and not more than $400,000. Accordingly, the defendant's offense level is increased by 12 levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(G) and U.S.S.G. § 2B1.1, comment. (n.3(C)).

     5.     The total adjusted offense level for the Group comprised of Count Two of the Bank Fraud Indictment is 19.

02.01.05

Michael G. Dowd, Esq.
Alan S. Futerfas, Esq.
June 18, 2007
Page 4

        6.     U.S.S.G. § 2T1.4 applies to the conduct charged in Counts One and Two of the Tax Information.

        7.     The tax loss involved in the defendant's relevant conduct, within the meaning of U.S.S.G. § 1B1.3, with respect to Counts One and Two of the Tax Information is more than $400,000, and not more than $1,000,000, and the base offense level is 20, pursuant to U.S.S.G. §§ 2T4.1 and 2T4.1(H).

        8.     The Government contends that, with respect to the Group comprised of Counts One and Two of the Tax Information, there should be no adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and, accordingly, that the total adjusted offense level for the Group comprised of Counts One and Two of the Tax Information is 20, pursuant to U.S.S.G. §§ 2T1.4 and 2T4.1(H). The defendant contends that there should be an adjustment pursuant to U.S.S.G. § 3E1.1 with respect to the Group comprised of Counts One and Two of the Tax Information and, accordingly, the total adjusted offense level for the Group comprised of Counts One and Two of the Tax Information is 17. The parties specifically reserve their right to litigate at sentencing the issue of whether there should be an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 with respect to the Group comprised of Counts One and Two of the Tax Information.

        9.     <u>Analysis under U.S.S.G. § 3D1.4</u>

        a.     Assuming (as the Government contends) that there is no adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 with respect to the Group comprised of Counts One and Two of the Tax Information, the Group comprised of Counts One and Two of the Tax Information is counted as one Unit and, because the total offense level of the Group comprised of Count Two of the Bank Fraud Indictment is 1 level less serious, the Group comprised of Count Two of the Bank Fraud Indictment is counted as one additional Unit, pursuant to U.S.S.G. § 3D1.4(a). Accordingly, the offense level for the Group comprised of Counts One and Two of the Tax Information is increased by 2 levels, to 22.

        b.     Assuming (as the defendant contends) that there is an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 with respect to the Group comprised of Counts One and Two of the Tax Information, the Group comprised of Count Two of the Bank Fraud Indictment is counted as one Unit and, because the total offense level of the Group comprised of Counts One and Two of the Tax Information is 2 levels less serious, the Group comprised of Counts One and Two of the Tax Information is counted as one additional Unit, pursuant to U.S.S.G. § 3D1.4(a). Accordingly, the offense level for the Group comprised of Count Two of the Bank Fraud Indictment is increased by 2 levels, to 21.

02.01.05

Michael G. Dowd, Esq.
Alan S. Futerfas, Esq.
June 18, 2007
Page 5

In accordance with the above, assuming (as the Government contends) that the defendant is not entitled to an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 with respect to the Group comprised of Counts One and Two of the Tax Information, the applicable Sentencing Guidelines offense level is 22. In accordance with the above, assuming (as the defendant contends) that the defendant is entitled to an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 with respect to the Group comprised of Counts One and Two of the Tax Information, the applicable Sentencing Guidelines offense level is 21.

**B.    Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the Government is unaware of any criminal history of the defendant.

In accordance with the above, the defendant's Criminal History Category is I.

**C.    Sentencing Range**

Based upon the calculations set forth above, the Government submits that the defendant's Sentencing Guidelines range is 41 to 51 months (Zone D) (the "Government's Proposed Sentencing Guidelines Range"). Based on the calculations set forth above, the defendant reserves the right to argue that the defendant's Sentencing Guidelines range is 37 to 46 months (Zone D) (the "Defendant's Proposed Sentencing Guidelines Range") on the sole basis that there should be an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 with respect to the Group comprised of Counts One and Two of the Tax Information. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Sentencing Guidelines level 22 and Sentencing Guidelines level 21, the applicable fine range is $7,500 to $1,000,000, pursuant to U.S.S.G. § 5E1.2(c)(4).

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Ranges set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment, nor suggest that the Court sua sponte consider such a departure or adjustment.

The parties further agree that a sentence within the range of 37 to 51 months would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the range of 37 to 51 months, suggest that the Probation Department consider a sentence outside of the range of 37 to 51 months, and suggest that the Court sua sponte consider a sentence outside of the range of 37 to 51 months, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

02.01.05

Michael G. Dowd, Esq.
Alan S. Futerfas, Esq.
June 18, 2007
Page 6

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties: (i) to present to the Probation Department or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the range of 37 to 51 months (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a); or (iii) to seek an appropriately adjusted Sentencing Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should the defendant move to withdraw his guilty plea once it is entered, or should it be determined that the defendant has either: (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice; or (ii) committed another crime after signing this Agreement.

D.    **Other Agreements**

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Department nor the Court is bound by the above Sentencing Guidelines stipulation, either as to questions of fact or as to the determination of the proper Sentencing Guidelines to apply to the facts. In the event that the Probation Department or the Court contemplates any Sentencing Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the range of 37 to 51 months, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside of the range of 37 to 51 months.

It is agreed: (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Government's Proposed Stipulated Guidelines Range of 41 to 51 months; and (ii) that the Government will not appeal any sentence within or above the Defendant's Proposed Guidelines Range of 37 to 46 months. It is further agreed that any sentence within the range of 37 to 51

02.01.05

Michael G. Dowd, Esq.
Alan S. Futerfas, Esq.
June 18, 2007
Page 7

months is reasonable.  This provision is binding on the parties even if the Court employs a
Sentencing Guidelines analysis different from that stipulated to herein.  Furthermore, it is agreed
that any appeal as to the defendant's sentence that is not foreclosed by this provision will be
limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by)
the above stipulation.

The defendant hereby acknowledges that he has accepted this Agreement and decided to
plead guilty because he is in fact guilty.  By entering this plea of guilty, the defendant waives any
and all right to withdraw his plea or to attack his conviction, either on appeal or collaterally, on
the ground that the Government has failed to produce any discovery material, Jencks Act
material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and
impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972) that has not
already been produced as of the date of the signing of this Agreement.

By entering this plea of guilty, the defendant also waives any and all right the defendant
may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the
possession of the Government.  The defendant fully understands that, as a result of this waiver,
any physical evidence in this case will not be preserved by the Government and will therefore not
be available for DNA testing in the future.

It is further agreed that should the conviction(s) following the defendants plea of guilty
pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-
barred by the applicable statute of limitations on the date of the signing of this Agreement
(including any counts that the Government has agreed to dismiss at sentencing pursuant to this
Agreement) may be commenced or reinstated against the defendant, notwithstanding the
expiration of the statute of limitations between the signing of this Agreement and the
commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive
all defenses based on the statute of limitations with respect to any prosecution that is not time-
barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local
prosecuting authority other than this Office and, to the extent set forth above, the Tax Division,
Department of Justice.

The parties understand that this Agreement reflects the special facts of this case and is not
intended as precedent for other cases.

02.01.05

Michael G. Dowd, Esq.
Alan S. Futerfas, Esq.
June 18, 2007
Page 8

Apart from any written Proffer Agreement(s) that may have been entered into between this Office, the Tax Division, Department of Justice, and the defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office, the Tax Division, Department of Justice, and the defendant.  No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
Daniel W. Levy
Assistant United States Attorney
Telephone:  (212) 637-1062

APPROVED:

_____
Marcus A. Asner
Chief, Major Crimes Unit

AGREED AND CONSENTED TO:

_____
Dominick Colasuonno

_____        6/18/07
Date

APPROVED:

_____
Michael G. Dowd, Esq.

_____
Alan S. Futerfas, Esq.
Attorneys for Dominick Colasuonno

_____
Date

_____        June 18, 2007
Date

02.01.05