SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x
PRIMA CHECK CASHING, INC., AMERICAN ARMORED
CAR, LTD., AMERICAN COMPACTION SYSTEMS, INC.
PHILIP COLASUONNO & CO., LLP, , MICHAEL
COLASUONNO , DOROTHY COLASUONNO,
PHILIP COLASUONNO , MARIA COLASUONNO, DOMINICK
COLASUONNO, AND RENE COLASUONNO,

                Plaintiffs,

-against-

JP MORGAN CHASE & CO. and MAHONEY COHEN &
COMPANY, CPA, P.C.,

                Defendants.
-----------------------------------------------------------------x

Index No. 06-10905

Filed on:

**SUMMONS**

Plaintiffs designate
Westchester
County as the
Place of trial

The basis of venue
is
Plaintiffs residence
and place of
Business

[Stamp: RECEIVED JUN 9 2006 TIMOTHY C. IDONI COUNTY CLERK COUNTY OF WESTCHESTER]

To the above mentioned Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New Rochelle, New York
          June 8, 2006

RICHARD WEISS, ESQ.
By: _____
      Richard Weiss
Attorney for Plaintiffs
415 Huguenot Street
New Rochelle, New York 10801
(914) 235-0833

Defendants' address:
JP Morgan Chase
One Chase Manhattan Plaza
New York, New York 10005

Mahoney Cohen & Company, CPA, P.C.
1065 Avenue of the Americas
New York, New York 10018

**RECEIVED**

JUN -9 2006

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------x
PRIMA CHECK CASHING, INC., AMERICAN ARMORED
CAR, LTD. AMERICAN COMPACTION SYSTEMS, INC.
PHILIP COLASUONNO & CO., LLP, MICHAEL
COLASUONNO, DOROTHY COLASUONNO,
PHILIP COLASUONNO, MARIA COLASUONNO, DOMINICK
COLASUONNO AND RENE COLASUONNO,

        Plaintiffs,     **VERIFIED**
  -against-         **COMPLAINT**

JP MORGAN CHASE & CO. and
MAHONEY COHEN & COMPANY, CPA, P.C.,

        Defendants.

---------------------------------------------------------------x

Plaintiffs, by their attorney, Richard Weiss, sets forth the following as and for their Verified Complaint which Complaint is based upon information and belief and upon information currently available:

  1.  At all times hereinafter-mentioned Plaintiff, PRIMA CHECK CASHING, INC. (hereinafter referred to as "PRIMA") was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

  2.  At all times hereinafter-mentioned Plaintiff, AMERICAN ARMORED CAR, LTD, (hereinafter referred to as "AMERICAN") was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

  3.  At all times hereinafter-mentioned Plaintiff, AMERICAN COMPACTION SYSTEMS, INC. (hereinafter referred to as "AMERICAN COMPACTION") was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

  4.  At all times hereinafter-mentioned Plaintiff, PHILIP COLASUONNO & CO. LLP (hereinafter referred to as "PC & CO") was and is a domestic limited liability partnership duly organized and existing under and by virtue of the laws of the State of New York.

5. At all times hereinafter-mentioned Plaintiffs, MICHAEL COLASUONNO AND DOROTHY COLASUONNO (hereinafter referred to as "M & D COLASUONNO") were and are husband and wife and are natural persons residing in the County of Westchester, State of New York.

6. At all times hereinafter-mentioned Plaintiffs, PHILIP COLASUONNO AND MARIA COLASUONNO (hereinafter referred to as "P & M COLASUONNO") were and are husband and wife and are natural persons residing in the County of Westchester, State of New York.

7. At all times hereinafter-mentioned Plaintiffs, DOMINICK COLASUONNO AND RENE COLASUONNO (hereinafter referred to as "D & R COLASUONNO") were and are husband and wife and are natural persons residing in the County of Westchester, State of New York.

8. That since August 2003, defendant JP MORGAN CHASE & CO. (hereinafter referred to as "CHASE") was and is a federally chartered bank.

9. That prior to August 2003, defendant CHASE was and is a foreign corporation duly authorized to do business in the State of New York.

10. CHASE is a global financial services firm which provides investment banking, financial services for consumers, small business and commercial banking, financial transaction processing, asset and wealth management, and private equity.

11. At all times hereinafter-mentioned, defendant MAHONEY COHEN & COMPANY, CPA, P.C. (hereinafter referred to as "MAHONEY COHEN") was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant Mahoney Cohen is in the business of providing a comprehensive range of assurance and consulting services to market businesses in a broad scope of industries, with its principal place of business located and headquartered in New York, New York.

## FACTS

13. That at all times hereinafter mentioned, PRIMA owned and operated check-cashing stores in and around the New York City area and is licensed by the New York State Banking Department.

14. That at all times hereinafter mentioned, PRIMA maintained various accounts (including credit facility and working capital accounts) with CHASE.

15. That as a component part of it maintaining its accounts with CHASE, Plaintiff's AMERICAN, AMERICAN COMPACTION, M & D COLASUONNO, P & M COLASUONNO and D & R COLASUONNO were required to and did execute certain corporate and/ or personal guarantees pertaining to the obligations of PRIMA.

16. In or around 1989 through March 29, 2005 CHASE was a secured creditor of PRIMA and provided loans to PRIMA for its credit facility and working capital.

17. In or around October, 2004, CHASE determined that it would withdraw from servicing its check cashing clients, including plaintiff, PRIMA and that it wanted to close its outstanding accounts with PRIMA and have its account balance paid.

18. In or around December 2004, CHASE offered to settle its outstanding account balance with PRIMA at a discount; however CHASE mandated that prior to acceptance of PRIMA's offer, co-defendant MAHONEY COHEN would review PRIMA's financial statements for the alleged purpose of ascertaining if PRIMA could pay CHASE more than PRIMA had offered in settlement of its account.

20. A principal of MAHONEY COHEN and other representatives met with PRIMA's representatives and Philip Colasuonno, on three or four occasions to review PRIMA's financial statements.

21. Upon information and belief, upon the completion of their assignment, MAHONEY COHEN reported their findings to CHASE. Upon information and belief, MAHONEY COHEN reported that PRIMA was inflating the value of its fixed assets.

22. That on or about March 29, 2005, CHASE terminated its contractual relationship with PRIMA and settled its relationship with PRIMA (the "CHASE/PRIMA Work Out") by, inter alia, assigning CHASE's collateral security interest in PRIMA's assets to Long Island Commercial Bank ("LICB") PRIMA's successor lender.

23. That on or about March 29, 2005, when CHASE assigned its collateral security interests in PRIMA's assets to LICB, CHASE failed to disclose that it believed that PRIMA had inflated the value of its fixed assets.

24. Upon information and belief, on or about March 2005 or April 2005 defendant CHASE, in violation of the CHASE/PRIMA Work Out, unilaterally notified various third persons that, based upon the report of MAHONEY COHEN, CHASE believed PRIMA was inflating the value of its fixed assets (the "CHASE Notifications").

25. As a direct result of the CHASE Notifications, and for no other reasons, the various third persons, companies and/or entities contacted by CHASE with whom PRIMA had contractual relationships, did business with and/or upon whom PRIMA relied in connection with its business, began withdrawing and/or terminating their contracts and/or business relationships with PRIMA (the "Terminated Relationships").

26. Upon information and belief, as a direct result of the CHASE Notifications and the MAHONEY COHEN report, co-plaintiff's DOMINICK COLASUONNO and PHILIP COLASUONNO were arrested and later indicted.

27. Co-plaintiff's DOMINICK COLASUONNO and PHILIP COLASUONNO assert their innocence as to the charges for which they were arrested and later indicted.

## AS AND FOR PLAINTIFF PRIMA'S FIRST CLAIM FOR RELIEF

28. PRIMA repeats, reiterates and realleges each and every allegation set forth at paragraphs 1 through 27 as though fully set forth herein.

29. Upon information and belief, in October 2004, Defendant MAHONEY COHEN was retained or hired by co-defendant CHASE to review PRIMA's financial statements.

30. Defendant MAHONEY COHEN undertook to perform for co-defendant CHASE, the accounting services customarily performed by an independent auditor for a business of the size and nature of PRIMA's business, in a proper, skillful and diligent manner, and in accordance with the generally accepted accounting standards of the American Institute of Certified Public Accountants ("AICPA").

31. Upon information and belief, MAHONEY COHEN, by and through their agents, servants and employees, either willfully and/or negligently, carelessly, unskillfully and recklessly and without regard to generally accepted accounting standards of the AICPA, prepared a report which was erroneous and lacked merit.

32. Upon information and belief, co-defendant CHASE, either willfully and/or negligently, carelessly, unskillfully and recklessly, relied upon the report prepared by co-defendant MAHONEY COHEN and utilized such report to corroborate their determination to cease their contractual relationship with PRIMA and to advance the CHASE notifications.

33. That CHASE and MAHONEY COHEN should have known that the MAHONEY COHEN report was erroneous and lacked merit and that other entities would in fact terminate their relationships with PRIMA based upon the MAHONEY COHEN report.

34. That the report prepared by defendant MAHONEY COHEN and relied upon by co-defendant CHASE caused plaintiff PRIMA to sustain monetary damage in an amount which exceeds the jurisdictional limitations of all lower Courts in an amount to be proven at trial.

26. Upon information and belief, as a direct result of the CHASE Notifications and the MAHONEY COHEN report, co-plaintiff's DOMINICK COLASUONNO and PHILIP COLASUONNO were arrested and later indicted.

27. Co-plaintiff's DOMINICK COLASUONNO and PHILIP COLASUONNO assert their innocence as to the charges for which they were arrested and later indicted.

### AS AND FOR PLAINTIFF PRIMA'S FIRST CLAIM FOR RELIEF

28. PRIMA repeats, reiterates and realleges each and every allegation set forth at paragraphs 1 through 27 as though fully set forth herein.

29. Upon information and belief, in October 2004, Defendant MAHONEY COHEN was retained or hired by co-defendant CHASE to review PRIMA's financial statements.

30. Defendant MAHONEY COHEN undertook to perform for co-defendant CHASE, the accounting services customarily performed by an independent auditor for a business of the size and nature of PRIMA's business, in a proper, skillful and diligent manner, and in accordance with the generally accepted accounting standards of the American Institute of Certified Public Accountants ("AICPA").

31. Upon information and belief, MAHONEY COHEN, by and through their agents, servants and employees, either willfully and/or negligently, carelessly, unskillfully and recklessly and without regard to generally accepted accounting standards of the AICPA, prepared a report which was erroneous and lacked merit.

32. Upon information and belief, co-defendant CHASE, either willfully and/or negligently, carelessly, unskillfully and recklessly, relied upon the report prepared by co-defendant MAHONEY COHEN and utilized such report to corroborate their determination to cease their contractual relationship with PRIMA and to advance the CHASE notifications.

33. That CHASE and MAHONEY COHEN should have known that the MAHONEY COHEN report was erroneous and lacked merit and that other entities would in fact terminate their relationships with PRIMA based upon the MAHONEY COHEN report.

34. That the report prepared by defendant MAHONEY COHEN and relied upon by co-defendant CHASE caused plaintiff PRIMA to sustain monetary damage in an amount which exceeds the jurisdictional limitations of all lower Courts in an amount to be proven at trial.

## AS AND FOR PLAINTIFF PRIMA'S SECOND CLAIM FOR RELIEF

35. PRIMA repeats, reiterates and realleges each and every allegation set forth at paragraphs 1 through 34, as though fully set forth herein.

36. Upon information and belief and at all relevant times, defendant CHASE had notice and knowledge of various companies and/or entities, with which PRIMA had contractual relationships, did business with and/or upon whom PRIMA relied in connection with its business.

37. At all times relevant herein, defendant CHASE's dissemination of the MAHONEY COHEN report and/or the information contained therein wrongfully, knowingly, intentionally, maliciously and without reasonable justification or excuse, persuaded third persons to breach their agreement(s) with PRIMA.

38. By reason that CHASE's actions induced third persons to breach their agreement(s) with PRIMA, PRIMA was unable to re-establish the business relationships and was deprived of the monetary rewards associated with such relationships.

39. As a result of defendant CHASE's conduct and actions, plaintiff PRIMA has been damaged in an amount which exceeds jurisdictional limitations of all lower Courts in an amount to be proven at trial.

## AS AND FOR PLAINTIFF PRIMA'S THIRD CLAIM FOR RELIEF

40. PRIMA repeats, reiterates and realleges each and every allegation set forth at paragraphs 1 through 39, supra, as though fully set forth herein.

41. Subsequent to its receipt of the MAHONEY COHEN report and continuing to present, Defendant CHASE has interfered with PRIMA's business relationships with various Third Persons, by telling, inter alia, various Third Persons and others to cease any dealings with PRIMA.

42. As a direct and proximate result of Defendants' intentional and negligent interference with PRIMA's contractual relationship as alleged hereinabove, the Third Persons did, in fact, cease and terminate their contractual relations with PRIMA.

43. As a direct and proximate result of Defendants' intentional and negligent interference with PRIMA's contractual relationship as alleged hereinabove, PRIMA's business has been discredited and PRIMA's reputation, prestige and good will have been disparaged.

44. Defendants' wrongful acts and representations have severely diminished the value of PRIMA's business, its standing, general reputation, prestige and good will.

45. Defendants' wrongful acts and representations have seriously impaired PRIMA's rights to contract with third parties and the continuation of such wrongful acts and misrepresentations is calculated to cause grave and irreparable harm to PRIMA.

46. PRIMA's ability to fund and operate its check cashing businesses without the contractual relationships of the Third Persons appears to be impossible.

47. Defendants' wrongful acts and representations were fraudulent, malicious and made with intent to deceive

48. Defendants' wrongful acts and representations were made in a grossly negligent manner and/or with the intent to injure PRIMA.

49. Consequently, PRIMA has suffered economic damage in an amount which exceeds the jurisdictional limitations of all lower Courts in an amount to be proven at trial.

50. Consequently, PRIMA seeks exemplary and punitive damages in an amount sufficient to deter said Defendants and others from similar future wrongful conduct.

## AS AND FOR PRIMA'S FOURTH CLAIM FOR RELIEF

51. PRIMA hereby realleges and incorporates by reference each and every allegation set forth at paragraphs 1 through 50, above, as though fully set forth herein.

52. Commencing on or about March, 2005 , and continuing thereafter, Defendants published the conclusions of and contents of the MAHONEY COHEN report and its conclusions, inter alia, that PRIMA'S annual audited financial statements inflated the amount of its fixed assets ; that PRIMA'S annual audited financial statements contained material misstatements and omissions; and that PRIMA's actions amounted to unlawful conduct.

53. The accusations published to third parties by Defendants of unlawful conduct by PRIMA were false, privileged, and defamatory, and PRIMA did not at any time engage in the unlawful conduct alleged by Defendants.

54. Defendants' publication of said false and defamatory statements was malicious, intentional and made with reckless disregard for their truth or falsity.

55. Defendants' publication of said false and defamatory statements was made with the intent to injure and defame PRIMA in its character, reputation, profession and business and to expose PRIMA to public ridicule and contempt within PRIMA's "business circles".

56. By reason of the publication of this false and defamatory matter, defendants were motivated by actual malice, and wrongfully and willfully intended by this publication to injure the plaintiff, PRIMA.

57. Because the false and defamatory statements published by Defendants impute to PRIMA unlawful conduct and also injured PRIMA in its business, the statement of Defendants constitute libel per se for which PRIMA is presumptively entitled to recover damages without proof of same.

58. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, PRIMA has suffered general and special pecuniary and non-pecuniary damages in an amount which exceeds the jurisdictional limitations of all lower courts in an amount to be proven at trial.

59. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for PRIMA's rights, and as a direct and proximate result thereof PRIMA suffered economic damage in an amount which exceeds the jurisdictional limitations of all lower Courts in an amount to be proven at trial; therefore PRIMA seeks exemplary and punitive damages in an amount sufficient to deter said Defendants and others from similar future wrongful conduct.

### AS AND FOR THE PLAINTIFFS M & D COLASUONNO, P & M COLASUONNO, D & R COLASUONNO FIRST CLAIM FOR RELIEF

60. Plaintiffs M & D COLASUONNO, P & M COLASUONNO, D & R COLASUONNO ( hereinafter referred to as the INDIVIDUAL PLAINTIFFS) hereby adopt, repeat, reiterate and reallege each and every allegation set forth at paragraphs 1 through 59, above, as though more fully set forth herein at length.

61. By contacting the Third Persons among others, Defendants' knew or should have known or intended such Third Persons to terminate their relationships with PRIMA with the consequence that if PRIMA was unable to pay its obligations the INDIVIDUAL PLIANTIFFS personal guarantees would come into play. Defendants conduct was solely motivated by malevolence without justification and did cause extreme emotional distress to the INDIVIDUAL PLAINTIFFS.

62. Defendants' conduct was unreasonable and outrageous and exceeded the bounds usually tolerated by decent society, and was done willfully, maliciously and deliberately with the intent to cause the INDIVIDUAL PLAINTIFFS severe mental and emotional pain, distress, and anguish and loss of enjoyment of life, or was done with reckless indifference to the likelihood that such behavior would cause such severe emotional distress and with utter disregard for the consequences of such actions.

63.. The behavior and conduct on the part of Defendants as described hereinabove was so extreme and outrageous as to be capable of causing the

INDIVIDUAL PLAINTIFFS severe emotional distress and has in fact caused the INDIVIDUAL PLAINTIFFS severe mental anguish, distress, depression, and humiliation.

64. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, plaintiff PHILIP COLASUONNO and plaintiff DOMINICK COLASUONNO have been arrested and indicted, had to expend significant amounts of monies on legal and other fees, have seen the value of AMERICAN and AMERICAN COMPACTION plummet and have suffered non-pecuniary damages in an amount to be proven at trial.

### AS AND FOR PC & CO.'s FIRST CLAIM FOR RELIEF

65. Plaintiff PC & CO. hereby adopts, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 64 above as though more fully set forth herein at length.

66. Subsequent to its receipt of the MAHONEY COHEN report and continuing to present, Defendant CHASE has interfered with PC & CO.'s business relationships with various Third Persons, by telling, inter alia, various Third Persons and others to cease any dealings with PC & CO.

67. As a direct and proximate result of Defendants' intentional and negligent interference with PC & CO.'s contractual relationship as alleged hereinabove, the Third Persons did, in fact, cease and terminate their contractual relations with PC & CO.

68. As a direct and proximate result of Defendants' intentional and negligent interference with PC & CO.'s contractual relationship as alleged hereinabove, PC & CO.'s business has been discredited and PC & CO.'s reputation, prestige and good will have been disparaged.

69. Defendants' wrongful acts and representations have severely diminished the value of PC & CO.'s business, it's standing, general reputation, prestige and good will.

70. Defendants' wrongful acts and representations have seriously impaired PC & CO.'s rights to contract with third parties and the continuation of such wrongful acts and misrepresentations is calculated to cause grave and irreparable harm to PC & Co.

71. Defendants actions have had a significantly adverse financial impact upon PC & CO.

72. Defendants' wrongful acts and representations were fraudulent, malicious and made with intent to deceive and create financial harm to PC & CO.

73. Defendants' wrongful acts and representations were made in a grossly negligent manner and/or with the intent to injure PC & CO.

74. Consequently, PC & CO. has suffered economic damage in an amount which exceeds the jurisdictional limitations of all lower Courts in an amount to be proven at trial.

75. Consequently, PC & CO. seeks exemplary and punitive damages in an amount sufficient to deter said Defendants and others from similar future wrongful conduct.

## AS AND FOR AMERICAN COMPACTION'S FIRST CLAIM FOR RELIEF.

76. Plaintiff AMERICAN COMPACTION hereby adopts, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 75 above as though more fully set forth herein at length.

77. Subsequent to its receipt of the MAHONEY COHEN report and continuing to present, Defendant CHASE has interfered with AMERICAN COMPACTION's business relationships with various Third Persons, by telling, inter alia, various Third Persons and others to cease any dealings with AMERICAN COMPACTION.

78. As a direct and proximate result of Defendants' intentional and negligent interference with AMERICAN COMPACTION's contractual relationship as alleged hereinabove, the Third Persons did, in fact, cease and terminate their contractual relations with AMERICAN COMPACTION.

79. As a direct and proximate result of Defendants' intentional and negligent interference with AMERICAN COMPACTION.'s contractual relationship as alleged hereinabove AMERICAN COMPACTION.'s business has been discredited and AMERICAN COMPACTION's reputation, prestige and good will has been disparaged.

80. Defendants' wrongful acts and representations have severely diminished the value of AMERICAN COMPACTION's business, it's standing, general reputation, prestige and good will.

81. Defendants' wrongful acts and representations have seriously impaired AMERICAN COMPACTION's rights to contract with third parties and the continuation of such wrongful acts and misrepresentations is calculated to cause grave and irreparable harm to AMERICAN COMPACTION.

82. Defendants actions have had a significantly adverse financial impact upon AMERICAN COMPACTION.

83. Defendants' wrongful acts and representations were fraudulent, malicious and made with intent to deceive and create financial harm to AMERICAN COMPACTION.

84. Defendants' wrongful acts and representations were made in a grossly negligent manner and/or with the intent to injure AMERICAN COMPACTION.

85. Defendant's actions led to the arrest and indictment of Plaintiff Dominick Colasuonno who is the sole shareholder of AMERICAN COMPACTION.

86. As a result of Plaintiff, Dominick Colasuonno's arrest and indictment, the Business Integrity Commission commenced a review and investigation into the Plaintiff, AMERICAN COMPACTION's license renewal application and determined that Plaintiff, Dominick Colasuonno, inter alia ... "lacks good character, honesty, and integrity..."

87. Defendant's actions have precluded Plaintiff, AMERICAN COMPACTION from selling its assets.

88. Consequently, AMERICAN COMPACTION has suffered economic damage in an amount which exceeds the jurisdictional limitations of all lower Courts in an amount to be proven at trial.

89. Consequently, AMERICAN COMPACTION seeks exemplary and punitive damages in an amount sufficient to deter said Defendants and others from similar future wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS request the following relief against Defendants, and each of them, as follows:

1. For an award of general, special, consequential and/or continuing damages from the Defendants, and each of them, plus prejudgment interest thereon, according to proof or by operation of law;

2. For damages for per se libel in an amount to be determined according to proof or by operation of law;

3. For an award of exemplary and punitive damages to the extent allowed by law and in an amount according to proof;

4. For preliminary and permanent injunctive and declaratory relief;

5. For attorneys' fees and costs of suit herein pursuant to statute or as otherwise may be allowed by law; and,

6. For such other relief as this Court may deem just and proper.

Dated: New Rochelle, New York
        June 8, 2006

Yours, etc.

*[signature]*

Richard Weiss, Esq.
Attorney for Plaintiffs
415 Huguenot Street
New Rochelle, NY 10801
(914) 235-0833